### HICKS v. PENN. MUT. LIFE INS. CO.

(District Court, D. Massachusetts. January 26, 1914.)

No. 494.

1. ACCOUNT (§ 12*)—EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW.
    Where plaintiff sued for commissions alleged to be due him on premiums paid under certain insurance policies issued by defendant, in accordance with his contract, his claim being to recover money only, he had an adequate remedy at law, and could not maintain a suit for an accounting.
    [Ed. Note.—For other cases, see Account, Cent. Dig. §§ 62–70; Dec. Dig. § 12.*]

2. EQUITY (§ 51*)—JURISDICTION—MULTIPLICITY OF SUITS.
    Where an insurance agent sued under his commission contract for commissions due on premiums, and sought to recover, not only those which had accrued, but also asked that defendant be ordered to pay commissions under the contract as they might accrue thereafter, the bill was not sustainable as an exercise of equity jurisdiction, to avoid a multiplicity of suits.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 167–171; Dec. Dig. § 51.*]

In Equity. Suit by J. Everett Hicks against the Penn Mutual Life Insurance Company. On motion to dismiss. Granted.

White & Bradbury, of Boston, Mass., for complainant.
Charles F. Rowley, of Boston, Mass., for defendant.

DODGE, Circuit Judge. [1] The plaintiff's claim to commissions is based wholly on a written contract set forth in his bill. If this be construed as he claims, commissions are now due him on premiums paid under certain policies issued by the defendant, and further commissions may become due on premiums to be paid in the future. His claim is one for money payments only.

His bill asks that the defendant render an account of all premiums already received by it since a specified date under policies of a kind

described, and for payment of such amount as may be found due. All this he can obtain equally well in a suit at law. U. S. v. Bitter Root Co., 200 U. S. 451, 478, 479, 26 Sup. Ct. 318, 50 L. Ed. 550.

[2] He does not ask in so many words for specific performance as to the commissions which may become due him, but he does ask that the defendant "be ordered to pay" them to him as they may accrue hereafter. It is urged that at law he could only get commissions due; that, in order to get those accruing hereafter, other suits would be necessary after they had become due; and that jurisdiction may be taken in equity to avoid multiplicity of suits.

His rights under the contract, however, once established by recovery for commission now due, no question except as to amount would remain open for controversy. There would be no damages incapable of ascertainment at law. Under such circumstances, there is no sufficient justification for the exercise of jurisdiction in equity and the interference with the defendant's right to jury trial therein involved. See Gen. Electric Co. v. Westinghouse, etc., Co. (C. C.) 144 Fed. 458, 467–471.

The motion to dismiss is granted.